**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-82061-CIV-RS**

RUI ZHANG derivatively on behalf of
THE GEO GROUP, INC.,

      Plaintiff,

v.

GEORGE, C. ZOLEY, BRIAN R. EVANS,
ANNE N. FOREMAN, DUANE HELKOWSKI,
RICHARD H. GLANTON, JOSE GORDO,
SCOTT M. KERNAN, GUIDO VAN
HAUWERMEIREN, CHRISTOPHER C.
WHEELER, JULIE MYERS WOOD, J. DAVID
DONAHUE, ANN M. SCHLARB, and DAVID
VENTURELLA,

      Defendants,

THE GEO GROUP, INC.,

      Nominal Defendant.

## ORDER APPROVING FINAL SETTLEMENT OF DERIVATIVE ACTION

This matter is before the Court on the Motion for Final Approval of Derivative Settlement [DE 47].  Pursuant to the Court's order docketed April 16, 2024 (the "Preliminary Approval Order"), the Court held a hearing on the Motion for Final Approval of Derivative Settlement on August 28, 2024.  On March 7, 2024, the Settling Parties entered into the Stipulation of Settlement dated March 7, 2024 ("Stipulation"), which is incorporated by reference.[1]  Notice of the hearing was given to all GEO Stockholders in accordance with the Preliminary Approval Order.  At the

---

[1]     All capitalized terms contained herein not otherwise defined shall have the meanings as set forth in the Stipulation.

hearing the Court heard from the Settling Parties' attorneys and from counsel for those opposing the Stipulation.  The Court having determined that notice to all GEO Stockholders was adequate and sufficient, and the entire matter of the proposed Settlement having been heard and considered by the Court, it is

**ORDERED, ADJUDGED, AND DECREED** that:

1.      Motion for Final Approval of Derivative Settlement [DE 47] is **GRANTED.**

2.      The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement of the Action, as well as personal jurisdiction over the Settling Parties and all GEO shareholders, and it is further determined that Plaintiff, the Settling Defendants, the Company, and all GEO shareholders, as well as their respective heirs, executors, successors, and assigns, are bound by this Order.

3.      Notice has been given to all GEO shareholders, pursuant to and in the manner directed by the Preliminary Approval Order, proof of dissemination of the Settlement Notice has been filed with the Court, and a full opportunity to be heard was offered to all Settling Parties and to all other persons and entities with an interest in matters relating to the Settlement.  The form and manner of the Settlement Notice is hereby determined to have provided due and sufficient notice of the Settlement and to have been given in full compliance with the requirements of Rule 23.1 and due process.

4.      The Court received one objection to the Settlement.  The objection was submitted jointly on behalf of Anning Fang and Gerardo Maldonado, Jr., who are both plaintiffs in related derivative lawsuits.  Counsel for the objectors appeared and presented argument at the August 28, 2024 hearing.  For the reasons stated on the record, the objection is overruled.

5.      Based on the record before the Court, each of the provisions of Rule 23.1 has been satisfied and the Action has been properly maintained according to the provisions of Rule 23.1.

6.      The Settlement is found to be fair, reasonable, adequate, and in the best interests of GEO and all GEO shareholders and is hereby approved pursuant to Rule 23.1.  The Settling Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions.

7.      This Action is hereby **DISMISSED WITH PREJUDICE**, and the Clerk is directed to enter and docket the Judgment in the form attached as Exhibit E to the Stipulation.

8.      The Parties in the Action shall bear their own fees, costs, and expenses, except as provided in the separate Fee Order or as otherwise provided in the Stipulation and Preliminary Approval Order.

9.      Upon the Effective Date, Plaintiff and GEO, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged and dismissed with prejudice each and every one of the Released Claims against the Released Persons.

10.      Upon the Effective Date, Plaintiff (acting on his own behalf and derivatively on behalf of GEO and its stockholders), and GEO, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims against any of the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

11.     Upon the Effective Date, each of the Released Persons, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Plaintiff and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Zhang Derivative Matter or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

12.     Nothing in this Order, the Judgment, the Stipulation or their negotiation, or any proceedings taken pursuant thereto shall be deemed or argued to be evidence of or to constitute an admission or concession by the Settling Defendants or the Company.

13.     In the event that the Settlement is terminated pursuant to the terms of the Stipulation or if any of the conditions in ¶ 7.1 of the Stipulation do not occur for any reason, then (i) the Settlement and the Stipulation shall be canceled and terminated; (ii) this Order and the Judgment and any related orders entered by the Court shall in all events be treated as vacated, *nunc pro tunc*; (iii) the release of the Released Claims provided for in this Order and the Judgment shall be null and void; (iv) the fact of the Settlement shall not be admissible in any proceeding before any court or tribunal; (v) all proceedings in, and parties to, the Action shall revert to their status immediately prior to the Settling Parties entry into the Stipulation, and no materials created by or received from another party that were used in, obtained during, or related to Settlement discussions shall be admissible for any purpose in any court or tribunal, or used, absent consent from the disclosing party, for any other purpose or in any other capacity, except to the extent that such materials are required to be produced during discovery in the Derivative Litigation or in any other litigation;

and (vi) the Settling Parties shall proceed in all respects as if the Stipulation had not been entered into by the Settling Parties.

14.     No proceedings or Court order, including but not limited to the Fee Order, relating to the application for or disbursement of attorneys' fees, costs, expenses or any service award to Plaintiff shall in any way disturb or affect this Order and the Judgment (including precluding Final Approval of the Settlement or the Settlement otherwise being entitled to preclusive effect upon the satisfaction of the conditions in ¶ 7.1 of the Stipulation), and any such proceedings or Court order shall be considered separate from this Order and the Judgment.

DONE AND ORDERED in Fort Lauderdale, Florida this 5th day of September, 2024.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE